**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FOUR SEASONS TREE SERVICE AND LANDSCAPING, INC., | |
| Plaintiffs, | NO. 3:11-CV-711 |
| v. | (JUDGE CAPUTO) |
| TEREX TELELECT, INC. and FORESTRY EQUIPMENT OF VA, INC., | |
| Defendants. | |

**MEMORANDUM ORDER**

Presently before the Court is Plaintiff's complaint, which fails to properly allege either this Court's subject-matter jurisdiction under either 28 U.S.C. § 1332, diversity of parties, or 28 U.S.C. § 1331, federal question.  Because the complaint fails to adequately plead the existence of subject matter jurisdiction, the plaintiff will be given twenty-one days to amend his complaint.

The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332.  28 U.S.C. § 1331 states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Section 1331 provides for "[f]ederal-question" jurisdiction, § 1332 for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States. *See Bell v. Hood*, 327 U.S. 678, 681-685 (1946).

Plaintiff filed a complaint against Defendants solely for violations of state law, specifically,  negligence, breach of contract, breach of warranty, breach of implied warranties, merchantability and fitness for a particular purpose, and strict liability. However,

Plaintiff improperly alleges in the complaint that the basis of this Court's jurisdiction is 28 U.S.C. § 1331, i.e. federal question jurisdiction. Given this may have been a simple oversight by Plaintiff, the Court will also analyze whether diversity jurisdiction has been properly alleged.

Turning to 28 U.S.C. § 1332, Plaintiff has not alleged that the parties are diverse. Under 28 U.S.C. § 1332, "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States . . . ." When diversity of citizenship provides the grounds for federal jurisdiction, "the pleadings should affirmatively disclose that such diversity exists." *Osthaus v. Button*, 70 F.2d 392, 392 (3d Cir. 1934). Complete diversity must exist between the adverse parties in the action; that is, the citizenship of each plaintiff must be diverse from that of each defendant. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365 (1978), 373–74 (1978).

Under 28 U.S.C. § 1332(c)(1): "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The principal place of business is the place "where a corporation's officers direct, control, and coordinate the corporation's activities" — its "nerve center." *Hertz Corp. V. Friend*, 130 S.Ct. 1181, 1192 (2010). It is not the state where the corporation conducts much of its business activities, but rather the place within the state from which it directs, controls and coordinates those activities, usually its headquarters. *Hertz Corp.*, 130 S. Ct. at 1193. It is where the "brain" of the corporation is located. *Id.* The "word 'principal' requires [the court] to pick out the 'main, prominent' or 'leading' place." *Id.* at 1192.

    Here, Plaintiff's complaint states that Plaintiff is a "Pennsylvania business entity with a current business address of 3730 SR 2012, Clifford Township, Susquehanna County, Pennsylvania 18470" and that Defendant is an "out-of-state corporation authorized to transact business in the Commonwealth of Pennsylvania with a corporate headquarters of 600 Oakwood Road, Watertown, South Dakota 57201." The complaint fails to state the state in which either party is incorporated or either party's principal place of business.

    As it currently stands, the complaint fails to show the existence of subject matter jurisdiction on the basis of either 28 U.S.C. § 1331 or § 1332. The plaintiff is directed to file an amended complaint within twenty-one (21) days sufficiently alleging jurisdiction. The plaintiff is further advised that failure to respond in the manner explained above will result in the dismissal of his complaint.

    **NOW**, this __4th__ day of May, 2011, **IT IS HEREBY ORDERED THAT** the plaintiff will have twenty-one (21) days from the date of this Order to **PROPERLY ALLEGE JURISDICTION** so that this Court may determine whether complete diversity of citizenship exists between the parties.

    /s/ A. Richard Caputo  
    A. Richard Caputo  
    United States District Judge