**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FOUR SEASONS TREE SERVICE AND LANDSCAPING, INC., | |
| Plaintiff, | NO. 3:11-CV-711 |
| v. | (JUDGE CAPUTO) |
| TEREX TELELECT, INC. and FORESTRY EQUIPMENT OF VA, INC., | |
| Defendants. | |

**MEMORANDUM**

Presently before the Court are motions to dismiss brought by defendant Terex Telelect, Inc. ("Terex") and defendant Forestry Equipment of VA, Inc ("Forestry"). (Doc. 6, 11, and 14.) Defendants' arguments can be succinctly stated in two steps: (1) under the applicable "economic loss" doctrine, plaintiff Four Seasons can only bring contract claims; and (2) Four Seasons' contract claims are barred under the express terms of the contract and the statute of limitations. The Court agrees, and the motions to dismiss will be granted.

**BACKGROUND**

This suit stems from Four Seasons's purchase of a boom truck with an attached High Ranger XT Series Boom from Forestry on February 6, 2003. The boom was manufactured by Terex and affixed to the truck by Forestry.

The sales agreement included an "as is" clause which provides as follows:

FOR "AS IS" SALE ONLY:

I UNDERSTAND THAT THIS VEHICLE IS BEING SOLD "AS IS" WITH ALL FAULTS AND IS NOT COVERED BY ANY DEALER WARRANTY. I UNDERSTAND THAT THE DEALER IS NOT REQUIRED TO MAKE ANY REPAIRS AFTER I BUY THIS VEHICLE. I WILL HAVE TO PAY FOR ANY REPAIRS THIS VEHICLE WILL NEED.

The sales agreement also included a disclaimer which provides as follows:

DISCLAIMER

NO WARRANTIES ARE GIVEN BEYOND THOSE DESCRIBED HEREIN. THIS WARRANTY IS IN LIEU OF ALL OTHER WARRANTIES, EXPRESS OR IMPLIED. THE COMPANY SPECIFICALLY DISCLAIMS WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE, ALL OTHER REPRESENTATIONS TO THE USER/PURCHASER, AND ALL OTHER OBLIGATIONS OR LIABILITIES. THE COMPANY FURTHER EXCLUDES LIABILITY FOR INCIDENTAL AND CONSEQUENTIAL DAMAGES, ON THE PART OF THE COMPANY OR SELLER. No person is authorized to give any other warranties or to assume any liabilities on the Company's behalf unless made or assumed in writing by the Company; and no other person is authorized to give any warranties or to assume any liabilities on the seller's behalf unless made or assumed in writing by the seller.

The sales agreement further included an integration clause which states:

THE FRONT AND BACK OF THIS ORDER COMPRISE THE ENTIRE AGREEMENT AFFECTING THIS PURCHASE. By executing this order, Purchaser acknowledges he/she has read and agrees to be bound by all of its terms and had received a fully completed copy. Purchaser certifies that he/she is 18 years of age or older.

The boom truck was used by Four Seasons to trim high trees and for other business-related services. On July 2, 2009, the gusset plate connecting the boom to the truck failed while the truck was being used to trim trees in Lake Ariel, Pennsylvania. Fortunately, a protruding tree prevented the boom and basket from crashing to the ground and injuring Four Seasons' employee.

Four Seasons filed its initial complaint on April 15, 2011 and an amended complaint on May 5, 2011. Its amended complaint alleged claims for: negligence (count I); breach of contract (count II); breach of express warranty (count III); breach of implied warranties (count IV); and product liability (count IV). Four Seasons further claimed that it has suffered three-hundred and thirty thousand dollars ($330,00.00) in economic loss, as well as "other

2

damages." Terex and Forestry then filed motions to dismiss or to provide a more definite statement. The motions have been fully briefed and are ripe for review.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The

Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

The motions to dismiss will be granted because Four Seasons cannot bring tort claims under the "economic loss" doctrine and its breach of contract and breach of warranty claims are barred by the terms of the contract and the statute of limitations.

**I.      The "Economic Loss" Doctrine**

The economic loss doctrine "prohibits plaintiffs from recovering in tort economic losses to which their entitlement flows only from a contract." *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 618 (3d Cir.1995). The basic rationale employed

by courts adhering to this doctrine is that the goals of tort theories of recovery are not implicated in product malfunction and negligence cases involving only economic losses flowing from damage to the product itself. *REM Coal Co., Inc. v. Clark Equip. Co.*, 563 A.2d 128 (Pa. Super. Ct. 1989). This position was formerly adopted by the United States Supreme Court in *East River S.S. Corp. v. Transamerica Delaval, Inc.* 776 U.S. 858 (1986) (holding that "[a] manufacturer in a commercial relationship has no duty under either a negligence or strict products-liability theory to prevent a product from injuring itself"). Weighing the policies behind product liability and warranty theories, the Supreme Court found that in cases where damage was only to the product itself: (1) since consumers of the product can insure against the loss of the product and its use, there is no need to provide them with the special protection of tort remedies, *Id.* at 872; (2) damage to the product itself is "most naturally understood as a warranty claim," *Id.*; (3) warranty law is suited to economic loss cases because in such cases, the parties have the opportunity to have set the terms of their agreement regarding product value and quality in advance, *Id*. The Pennsylvania Superior Court, sitting en banc, relied heavily on *East River* in concluding: "negligence and strict liability theories do not apply in an action between commercial enterprises involving a product that malfunctions where the only resulting damage is to the product itself." REM Coal, 563 A.2d at 134.

"[A] 'product' for purposes of the economic loss doctrine is the finished product bargained for by the buyer rather than the individual components that make up the item." *Hartford Fire Ins. Co. v. Assoc. Const. & Mgmt. Corp.*, No. A. 98-45, 2000 WL 424273, *6 (E.D.Pa. Apr. 19, 2000) (internal citations omitted). *See also King v. Hilton-Davis*, 855 F.2d

5

1047, 1051 (3d Cir. 1988) ("the relevant product is what the plaintiff bargained for").

Four Seasons' amended complaint only alleges economic loss stemming from the damage to the boom truck itself.  However, it contends that *Lease Navajo, Inc. v. Cap Aviation, Inc.*, 760 F. Supp. 455 (E.D.Pa. 1991) supports its claims for negligence and product liability.  In that case, an aircraft owner sued Cap Aviation, the company it hired to rebuild and install an engine in one of its planes, after the engine exploded.  Cap Aviation then brought a third-party complaint against the manufacturer of both the engine and the component which had allegedly caused the explosion.  The component manufacturer sought summary judgment on the engine manufacturer's negligence claims, citing the "economic loss" doctrine.  The trial court, however, found that the doctrine was not applicable because the engine and the defective component had been separately purchased and were not an "integrated unit":

> When one purchases an integrated unit and a part of the integrated unit fails, thus destroying either the part only or the entire unit, the damage is to the product itself . . . In the present case, however, the reality is that the engines and the allegedly defective components were not purchased as integrated units. Rather, the record shows that Cap Aviation purchased a component part only, consistent with Avco Lycoming's technical manual, which it then installed in an engine manufactured by Avco Lycoming. Nowhere does it appear that Cap Aviation purchased the engines and the components as a whole.

*Lease Navajo*, 760 F. Supp. at 459.

Here, however, Four Seasons clearly states in its amended complaint it purchased a "boom truck" from Forestry.  The boom truck was not composed of products separately purchased by Four Seasons.  Rather, Four Seasons bought a boom truck.  In the words of *Lease Navajo*, the boom truck was an "integrated unit."  Therefore, the damages were not to other property but to the product itself, and the economic loss doctrine prevents Four

Seasons from bringing negligence and product liability claims against Forestry and Terex.

## II.  Four Seasons' Breach of Contract and Warranty Claims

Four Seasons breach of contract and breach of warranty claims will be dismissed because of the express terms of the contract and the statute of limitations.

An "as is" clause disclaims implied warranties. *In re Sugarhouse Realty, Inc.*, 192 B.R. 355, 371 (E.D.Pa. 1996). Further, "the presence of the 'as is' clause weighs in favor of narrowly construing [any] express warranties in the Agreement of Sale." *In re Sugarhouse Realty* at 371. The parol evidence rule states that, "absent fraud, accident, or mistake, parol evidence of a prior or contemporaneous oral agreement is not admissible to alter, vary, modify, or contradict terms of a contract which has been reduced to an integrated written instrument . . . [a]written contract is 'integrated' if it represents a final and complete expression of the parties' agreement. *Kehr Packages, Inc. v. Fidelity Bank, Nat. Ass'n*, 710 A.2d 1169, 1173 (Pa. Super. Ct. 1998) (internal citations omitted). The presence of an integration clause within an agreement makes the parol evidence rule particularly applicable. *McGuire v. Schneider, Inc.*, 534 A.2d 115, 117 (Pa. Super. Ct. 1987).

Additionally, in Pennsylvania, the statute of limitations for a breach of a contract for sale claim is four years. 42 Pa.C.S.A. § 2725. For a breach of warranty claim, the breach occurs when tender of delivery is made. *Id.* Further, " [a] cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." *Id.* Therefore, the "discovery rule" does not apply to toll the statute of limitations in breach of warranty actions. *Northampton County Area Cmty. Coll. v. Dow Chem. U.S.A.*, 566 A.2d 591.

Here, Terex claims that the breach of contract claim should be dismissed because it did not have a contract with Four Seasons and the breach of warranty claims should be dismissed because the statute of limitations has already run.  For its part, Forestry argues that the express terms of the sales contract and the statute of limitations prevent the breach of contract and warranty claims from being brought.  The Court agrees with both sets of arguments.  The sales contract waived all warranties.  Specifically, the contract contains an "as is" clause which states that the vehicle "is being sold 'AS IS' with all faults and is not covered by any dealer warranty."  The 'Disclaimer' section also further states, "No warranties are given beyond those described herein.  This warranty is in lieu of all other warranties, expressed or implied.  The company specifically disclaims warranties of merchantability and fitness for a particular purpose, all other representations to the user/purchaser, and all other obligations or liabilities."  Although Four Seasons has submitted an affidavit claiming that it did not understand that the boom truck was being purchased "as is" without any warranties, express or implied, and did not sign the 'as is' section, the bottom of the agreement was signed and the integration clause supports the application of the parol evidence rule.

Furthermore, the boom truck was purchased in February 2003.  Although Four Seasons has not alleged when it was actually delivered, the Court assumes it was sometime in 2003 – an assumption supported by Four Seasons attempt to rely on the discovery rule to toll the statute of limitations. That means the statute ran out in 2007, two years before the accident in 2009 and four years before the claim was filed in 2011.  The statute is clear that the discovery rule does not apply to breach of warranty actions, and therefore the limitations period has run on these claims.

## CONCLUSION

The motions to dismiss brought by Forestry and Terex will be granted for the reasons stated above. An appropriate order follows.


| | |
|---|---|
| 6/29/11 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FOUR SEASONS TREE SERVICE AND LANDSCAPING, INC., | |
| Plaintiff, | NO. 3:11-CV-711 |
| v. | (JUDGE CAPUTO) |
| TEREX TELELECT, INC. and FORESTRY EQUIPMENT OF VA, INC., | |
| Defendants. | |

**ORDER**

**NOW**, this __29th__ day of June, 2011, **IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss (Docs. 6, 11, and 14) are **GRANTED**. The Clerk of Court is directed to mark the case as **CLOSED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge